UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>VERONICA M. MARRY (7),<br>DAVID D. SPRAGG (22),<br>HEIDI S. ELLIOTT (28),<br><br>　　　　　　　　Defendants. | NO:　2:14-CR-0168-TOR-7<br>　　　　2:14-CR-0168-TOR-22<br>　　　　2:14-CR-0168-TOR-28<br><br>PROTECTIVE ORDER |

　　　BEFORE THE COURT are the United States' Motion for Protective Order (ECF No. 525) and Motion to Expedite (ECF No. 526). The matters were submitted for consideration without oral argument. The Court has reviewed the motions and the file herein and is fully informed. The government moves the Court for a protective order regulating disclosure of the discovery materials and the sensitive information contained therein (the "Discovery") to defense counsel in connection with its discovery obligations. For good cause shown, the motions are granted.

PROTECTIVE ORDER ~ 1

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. The United States' Motion for Protective Order (ECF No. 525) and Motion to Expedite (ECF No. 526) are **GRANTED.**

2. The United States is authorized to disclose the discovery and sensitive information materials (hereinafter "Discovery") in its possession pursuant to the discovery obligations imposed by this Court.

3. Government personnel and counsel for Defendant shall not provide, or make available, the Discovery to any person except as specified in this Order or by approval from this Court. Therefore, defense counsel and the Government shall restrict access to the Discovery, and shall only disclose the Discovery to their client, office staff, investigators, independent paralegals, necessary third-party vendors, consultants, and/or anticipated fact or expert witnesses to the extent that defense counsel believes is necessary to assist in the defense of their client in this matter or that the government believes is necessary in the investigation and prosecution of this matter.

4. Third parties contracted by the United States or defense counsel to provide expert analysis or testimony may possess and inspect the Discovery, but only as necessary to perform their case-related duties or responsibilities in this matter. At all times, third parties shall be subject to the terms of this Order.

5. Discovery in this matter will be made available to defense counsel on compact discs ("CDs") and/or digital video discs ("DVDs"). Defense counsel shall retain these discovery CDs/DVDs. If necessary to provide discovery to their respective clients, defense counsel may duplicate the CDs/DVDs only once. In order to provide discovery to a necessary third-party vendor, consultant, and/or anticipated fact or expert witness, defense counsel may duplicate the CDs/DVDs only once. No other copies of the CDs/DVDs shall be made, by defense counsel or Defendants, without prior approval from this Court.

6. To the extent that defense counsel makes any portion of the Discovery available in paper format to anyone, including their client, outside of counsel's office, defense counsel shall ensure that any and all sensitive information is redacted or removed. Such redaction/removal shall include, but shall not be limited to, the following: (a) all Social Security, identification card, driver's license, birth certificate, and taxpayer identification numbers; (b) all business and employer names, locations, addresses, as well as salary information; (c) residential and business addresses; (d) all dates of birth, organ donor information, telephone numbers, and email addresses; (e) all lease, bill, or other payment amounts; and (f) all information identifying the contents and routing and account number(s) of any financial account, including bank, trust, and retirement account(s).

7.     All counsel of record in this matter, including counsel for the United States, shall ensure that any party, including Defendant, that obtains access to the Discovery is provided a copy of this Order.  No other party that obtains access to or possession of the Discovery shall retain such access or possession unless authorized by this Order, nor further disseminate the Discovery except as authorized by this Order.  Any other party that obtains access to, or possession of, the Discovery once the other party no longer requires access to or possession of the Discovery shall promptly destroy or return the Discovery once access to Discovery is no longer necessary.  For purposes of this Order, "other party" is any person other than counsel for the United States, counsel for Defendant, or Defendant.

8.     All counsel of record, including counsel for the United States, shall keep a list to identify each person to whom the Discovery is disclosed and who was advised of the requirements of this Order.  Neither counsel for Defendant, nor the counsel for the United States, shall be required to disclose this list of persons unless so ordered to do so by the Court.

9.     Upon entry of a final order of the Court in this matter and conclusion of any direct appeals, government personnel and counsel for Defendant shall retrieve and destroy all copies of the Discovery, except that counsel and government personnel may maintain copies in their closed files following their customary procedures.

10. Government personnel and counsel for Defendant shall promptly report to the Court any known violations of this Order.

The District Court Executive is hereby directed to enter this Order and furnish copies to counsel.

**DATED** February 5, 2015.



                THOMAS O. RICE
             United States District Judge

PROTECTIVE ORDER ~ 5